IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RODNEY PETERS,

      Plaintiff,

v.                                          Civil Action No. 3:14-cv-513

BANK OF AMERICA, N.A., *et al.*,

      Defendants.

## OPINION

This matter comes before the Court on the plaintiff's motion for leave to file an amended complaint. (Dk. No. 21.) As part of his original nine-count complaint filed in March 2014 against five defendants, Peters brought one claim against Specialized Loan Servicing, LLC ("SLS"), under the Real Estate Settlement Procedures Act ("RESPA"). Peters now moves for leave to file an amended complaint that would remove from the action the four defendants who settled with the plaintiff and add three new class claims under the Fair Debt Collection Practices Act ("FDCPA") against SLS.

As a mortgage servicing company, SLS qualifies for an exemption from the FDCPA's definition of a debt collector, so the proposed FDCPA claims against SLS fail as a matter of law. Even if the new claims were not futile, the Court would deny leave to amend at this late stage in the litigation.

Accordingly, the Court DENIES the plaintiff's motion for leave to amend his complaint.

## I. STATEMENT OF FACTS[1]

Anticipating financial difficulties, Peters applied to the Home Affordable Modification Program in 2012 regarding his mortgage with Bank of America ("BoA"). BoA told Peters that he did not qualify for a modification because he had made all his payments on time. BoA advised him to skip his next two monthly payments in order to qualify for the program. After Peters followed the bank's instruction and re-applied for a modification, BoA reported his loan as delinquent and began foreclosure proceedings. Peters attempted to make up the missed payments, but BoA rejected his efforts. That November, BoA transferred the servicing rights to Peters' mortgage to SLS. SLS reported his account as delinquent because of the payments that BoA had advised him to skip.

Peters submitted a qualified written request[2] under RESPA to SLS, disputing the payments that SLS considered delinquent, requesting the deletion of any late fees or other foreclosure costs, and asking that SLS provide certain loan history documents. Peters claims that SLS, in violation of 12 U.S.C. § 2605(e)(2), failed to (1) make appropriate corrections to his account and notify him in writing of the corrections; (2) investigate his account and provide him with written clarification as to why SLS believed the account information to be correct; and (3)

---

[1] When determining the futility of a proposed amended complaint, courts apply the standard of review for a Rule 12(b)(6) motion, construing the facts alleged in the complaint in the light most favorable to the plaintiff. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991).
[2] RESPA defines a "qualified written request" as

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

investigate his account and either provide the requested information or offer an explanation as to why the requested information was unavailable.

In addition to this RESPA claim, Peters' proposed amended complaint refers to a letter SLS sent to him in February 2014, in which SLS asked that Peters provide confirmation of the name and contact information of his attorney within thirty days. Peters claims that this letter violated the FDCPA by communicating with him in connection with the collection of a debt when SLS knew that he was represented by counsel. 15 U.S.C. § 1692c(a). Peters claims that SLS's representation that it did not have his attorney's contact information constituted a false or deceptive means to collect a debt, in further violation of the FDCPA. 15 U.S.C. § 1692e(10). Although the letter included a disclosure that it was "AN ATTEMPT TO COLLECT A DEBT," Peters claims that it failed to include a statement required by the FDCPA that the letter was sent by a debt collector. 15 U.S.C. § 1692e(11). Peters brings these newly alleged violations, appearing as Counts I-III in the proposed amended complaint, as class claims.

Peters filed his original complaint in March 2014. He moved for leave to amend his complaint on December 17, 2014, the night before a scheduled settlement conference before Magistrate Judge Novak. Discovery closes on January 26, 2015, motions for summary judgment must be filed by February 5, and trial is set for April 6.

## II. DISCUSSION

After the initial window to amend as a matter of course has passed, a "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227

(1962). In deciding whether to grant leave to amend, courts should consider any apparent or declared "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies . . . , undue prejudice to the opposing party . . . , futility of amendment, etc." *Id.* These factors "embody a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants." *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980). Peters' motion fails under both the futility and undue prejudice factors enumerated in *Foman* and *Davis.*

### A. Futility of Proposed Amendments

A motion to amend is futile if "the proposed amendments could not withstand a motion to dismiss." *Perkins v. United States,* 55 F.3d 910, 917 (4th Cir. 1995) (citing *Glick v. Koenig,* 766 F.2d 265, 268-69 (7th Cir. 1985)). "Thus, a district court is justified in denying an amendment if the proposed amendment could not withstand a motion to dismiss. . . . The liberal amendment rules under Rule 15(a) do not require the courts to indulge in futile gestures." *Glick,* 766 F.2d at 269 (citations omitted).

The proposed amendments will not withstand a motion to dismiss. Peters attempts to raise three new claims against SLS under the FDCPA, which applies to "debt collectors" as defined in 15 U.S.C. § 1692a(6). This section exempts certain persons from coverage as a "debt collector," including, and relevant here, when such debt collection activity "is incidental to a bona fide fiduciary obligation or bona fide escrow arrangement." 15 U.S.C. § 1692a(6)(F)(i). Courts in the Fourth Circuit have consistently held that this exemption covers "mortgage servicing companies," removing them from liability under the FDCPA. *Scott v. Wells Fargo Home Mortg. Inc.,* 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) *aff'd per curiam,* 67 Fed. App'x

238 (4th Cir. 2003) ("[T]he law is well settled . . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA."); *Ruggia v. Wash. Mut. Bank*, 719 F. Supp. 2d 642, 648 (E.D. Va. 2010), *aff'd per curiam*, 442 Fed. App'x 816 (4th Cir. 2011).[3]

As Peters states in his original complaint,[4] SLS received the mortgage servicing rights for his loan on November 1, 2012. (Dk. No. 1 at ¶ 69.) As a mortgage servicing company, SLS "enjoy[s] broad statutory exemptions from liability under the FDCPA." *Areebuddin v. Onewest Bank, FSB*, No. 1:09CV1083, 2010 WL 1229233, at *6 (E.D. Va. Mar. 24, 2010). SLS's exemption from liability under the FDCPA means that Peters' new claims, all of which arise under the FDCPA, fail as a matter of law. This failure to state a claim upon which relief may be granted renders the proposed amendments futile.

### B. Undue Prejudice

In addition to futility, the undue prejudice caused by the proposed amendments provides further grounds for the denial of Peters' motion. "Prejudice under [Rule 15] means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1189 n.8 (3d Cir. 1994) (quoting *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 n.19 (3d Cir.1969)). Although delay alone

---

[3] *See also Schmidt v. Wells Fargo Home Mortg.*, No. 3:11CV059, 2011 WL 1597658, at *4 (E.D. Va. Apr. 26, 2011) ("Numerous courts have interpreted this exclusion to find that mortgage servicing companies are not debt collectors and are not liable under the FDCPA."); *Areebuddin v. Onewest Bank, FSB*, No. 1:09CV1083, 2010 WL 1229233, at *6 (E.D. Va. Mar. 24, 2010) ("This District recently emphasized that '[m]ortgage servicing companies and trustees exercising their fiduciary duties enjoy broad statutory exemptions from liability under the FDCPA.'") (citation omitted); *Blick v. JPMorgan Chase Bank, N.A.*, No. 3:12CV001, 2012 WL 1030115, at *7 (W.D. Va. Mar. 27, 2012), *aff'd per curiam*, 475 Fed. App'x 852 (4th Cir. 2012); *Jesse v. Wells Fargo Home Mortg.*, 882 F. Supp. 2d 877, 879 (E.D. Va. 2012); *Davis v. Wells Fargo Bank, N.A.*, No. 3:13CV586, 2014 WL 106257, at *4 (E.D. Va. Jan. 8, 2014); *Reyes v. Wells Fargo Bank, N.A.*, No. 1:13CV547, 2013 WL 3874527, at *4 (E.D. Va. July 24, 2013).

[4] The plaintiff's RESPA claim from his original complaint survives this motion.

does not support the denial of a motion for leave to amend, *Sweetheart Plastics, Inc. v. Detroit Forming*, Inc., 743 F.2d 1039, 1044 (4th Cir. 1984), the further a case has progressed, "the more likely it is that a court will find bad faith on the plaintiff's part." *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 439-40 (4th Cir. 2011).

Despite having possession since February 2014 of the letter from SLS on which Peters bases all of his new claims, he did not seek to raise these new claims until December 17, 2014, the night before a scheduled settlement conference. These new claims not only cited an entirely different statute, they were also the first class claims brought against SLS in this action. This marks a significant "change of tactics or theories" regarding this particular defendant. *Lundy*, 34 F.3d at 1189 n.8. Although discovery has not closed, only several weeks remained after the close of briefing on this motion. SLS had already used all of its interrogatories before it had any notice that it faced potential class-wide liability under the FDCPA.

Litigation by its nature requires counsel to pursue strategies and tactics that will further their clients' interests. The kind of "late in the game" pleading amendments by the plaintiff at issue here, however, reflect a poor sportsmanship contrary to the spirit of the Rules, which is "to facilitate a proper decision on the merits" so as "to secure the just, speedy, and inexpensive determination of every action." *Foman*, 371 U.S. at 182. Late notice of class claims that entirely change the character of the action does not "facilitate" such a proper decision on the merits, because it denies the defendant a reasonable opportunity for discovery and response prior to the filing of dispositive motions.

### III. CONCLUSION

For the reasons set forth above, the Court DENIES the plaintiff's leave to amend his original complaint.

6

The Court will enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

/s/

John A. Gibney, Jr.
United States District Judge

Date: January 21, 2015
Richmond, VA