IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RODNEY PETERS,

    Plaintiff,

v.                                                               Civil Action No. 3:14-cv-513

BANK OF AMERICA, N.A., *et al.*,

    Defendants.

## OPINION

This matter comes before the Court on the parties' cross-motions for summary judgment. (Dk. Nos. 40, 42.) The plaintiff, Rodney Peters, alleges that Specialized Loan Servicing, LLC ("SLS"), violated the Real Estate Settlement Procedures Act ("RESPA") when it failed to adequately respond to a letter in which Peters disputed fees and requested information related to his mortgage account serviced by SLS. Because Peters did not send his letter to the address properly designated by SLS for the receipt of qualified written requests ("QWRs"), RESPA's requirements related to QWRs do not apply to SLS.

Accordingly, the Court GRANTS the defendant's motion for summary judgment and DENIES the plaintiff's partial motion for summary judgment.

# I. STATEMENT OF FACTS[1]

SLS began servicing Peters' home mortgage loan in November 2012. On November 9, 2012, SLS sent Peters a Notice of Transfer letter, informing him that SLS would now handle the payment processing for his mortgage on behalf of the lender. This Notice of Transfer included a section entitled, "ABOUT YOUR RIGHTS UNDER 'RESPA'," which stated:

> You should be aware of your rights as a consumer with a home loan. These are explained in detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605) .... Qualified written request[s] must be sent to:
> Attn: Customer Care Support
> P.O. Box 636005
> Littleton, CO 80163-6005

(Dk. No. 43, Ex. 1 at 3.) On October 23, 2013, Peters mailed a letter to SLS disputing several fees that appeared on his account and requesting some information about his loan. The letter requested that SLS treat it as a "qualified written request." (Dk. No. 43, Ex. 16 at 1.) Peters mailed the letter to SLS at the following address:

> Specialized Loan Servicing, LLC
> 8742 Lucent Blvd., Suite 300
> Highlands Ranch, CO 80129

(*Id.*) SLS confirmed receipt of Peters' letter within five business days and sent its response letter on December 3, 2013. This response included some information related to fees that had been charged to Peters' account, as well as an account history covering the period of SLS's servicing. SLS did not remove or credit any of the fees on Peters' account.

---

[1] Summary judgment is appropriate when the movant establishes that there is no genuine dispute of any material fact and is thereby entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). The court must view the facts in the light most favorable to the non-moving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986), and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant," *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991). To defeat summary judgment the non-moving party may not rest upon a "mere scintilla" of evidence, but must set forth specific facts showing a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324; *Anderson*, 477 U.S. at 252.

Peters brought this action in July 2014 against SLS and several other defendants involving various claims related to his home mortgage. Regarding SLS, Peters claims that its response to his QWR violated RESPA's requirements for a loan servicer, that this violation reflects a larger pattern or practice of RESPA violations by SLS, and that Peters suffered actual damages in the form of emotional distress and decreased productivity at work because of SLS's inadequate response to his QWR. After the completion of discovery, both parties filed cross-motions for summary judgment on this RESPA claim.

## II. DISCUSSION

RESPA is a "consumer protection statute enacted to regulate real estate settlement processes." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1145 (10th Cir. 2013) (citing 12 U.S.C. § 2601). RESPA defines a QWR as

> a written correspondence ... that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). If a borrower sends a QWR to a servicer of a federally related mortgage loan, and the servicer fails to adequately respond under the statute to the borrower's request, then the servicer faces liability for actual damages suffered by the borrower and for statutory damages if the plaintiff can show a pattern or practice of RESPA violations. *Id.* § 2605(e)-(f).

Regulation X, RESPA's implementing regulation, permits a servicer to "establish a separate and exclusive office and address for the receipt and handling of qualified written requests." 24 C.F.R. § 3500.21(e)(1).[2] Designation of such an address aids servicers in meeting

---

[2] This version of Regulation X covered the time period at issue here, in late 2013. Effective January 10, 2014, the Consumer Financial Protection Bureau ("CFPB") amended Regulation X, and those amendments related to QWRs are now located at 12 C.F.R. §§ 1024.35-.36; *see* Real

3

RESPA's deadlines when responding to potentially detailed inquiries from borrowers. *Roth v. CitiMortgage, Inc.*, 756 F.3d 178, 181 (2d Cir. 2014). "If a servicer establishes a designated QWR address, then the borrower must deliver its request to that office in order for the inquiry to be a qualified written request." *Id.* (citing Real Estate Settlement Procedures Act, Section 6, Transfer of Servicing of Mortgage Loans (Regulation X), 59 Fed. Reg. 65,442, 65,446 (Dec. 19, 1994)) (internal quotation marks omitted). "Failure to send the [alleged] QWR to the designated address for the receipt and handling of QWRs does not trigger the servicer's duties under RESPA." *Berneike*, 708 F.3d at 1149 (internal quotation marks omitted). When an alleged QWR fails to meet the requirements of RESPA and its implementing regulation, it "amounts to nothing more than general correspondence between a borrower and servicer." *Id.*[3]

In its Notice of Transfer on November 9, 2012, SLS informed Peters that it had designated a specific address to which a borrower must send QWRs. Under the bold heading "ABOUT YOUR RIGHTS UNDER 'RESPA,'" SLS directed borrowers to send QWRs to "Attn: Customer Care Support, P.O. Box 636005 Littleton, CO 80163-6005." (Dk. No. 43, Ex. 1 at 3.) Peters, however, does not dispute that he sent his October 23, 2013, letter to "Specialized Loan Servicing, LLC, 8742 Lucent Blvd., Suite 300 Highlands Ranch, CO 80129." (Dk. No. 43, Ex.

---

Estate Settlement Procedures Act (Regulation X), 76 Fed. Reg. 78,978 (Dec. 20, 2011) (noting the transition of rulemaking authority to the CFPB).

[3] No Fourth Circuit decision directly addresses this issue of a servicer's designated QWR address. District Court cases within the Fourth Circuit have recognized the requirement that borrowers send purported QWRs to a servicers' properly designated address. *See, e.g., Carter v. Countrywide Home Loans, Inc.*, No. 3:07CV651, 2009 WL 2742560, at *7 (E.D. Va. Aug. 25, 2009) (stating that "the borrower must demonstrate that they mailed the qualified written request to the proper address, such that the servicer's duties to respond were 'triggered' under the statute"); *Bishop v. Quicken Loans, Inc.*, No. 2:09-01076, 2010 WL 3522128, at *6 (S.D.W. Va. Sept. 8, 2010) (noting that 24 C.F.R. § 3500.21(e)(1) authorizes a mortgage servicer to designate an address to which a borrower's inquiries must be directed); *but see Nash v. Green Tree Servicing, LLC*, 943 F. Supp. 2d 640, 651-52 (E.D. Va. 2013) (denying summary judgment on RESPA claim for several reasons, one of which included that the trier of fact should decide whether Green Tree's use of a P.O. Box differing in only one digit from the payment address satisfied the requirement of establishing a "separate and exclusive" address for QWRs).

4

16 at 1.) Because Peters did not use the address that SLS designated for QWRs, his letter does not trigger liability under RESPA for SLS. Instead, his letter constitutes "general correspondence between a borrower and a servicer." *Berneike*, 708 F.3d at 1149.

Moreover, since Peters' October 23, 2013, letter does not meet the requirements for a QWR, his claim that SLS exhibited a pattern or practice of RESPA violations also fails. *See McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365-66 (S.D. Fla. 2009) (citing 12 U.S.C. § 2605(f)(1)(B)).

Good business principles may motivate SLS and similar loan servicers to respond to their customers' fee disputes or information requests, but RESPA's obligations do not apply to servicers unless a borrower follows the statutorily prescribed path for a QWR. An important step on that path is the use of the servicer's properly designated address for QWRs. Because SLS properly designated such an address in its Notice of Transfer and Peters failed to use it, the Court GRANTS SLS's motion for summary judgment.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS SLS's motion for summary judgment and DENIES Peters' motion for partial summary judgment.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: <u>March 18, 2015</u>
Richmond, VA

/s/ *[signature]*
John A. Gibney, Jr.
United States District Judge

5