**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| RODNEY PETERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 3:14-cv-513 |
| | : | |
| BANK OF AMERICA, N.A., *et al.* | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT**
**SPECIALIZED LOAN SERVICING, LLC'S BILL OF COSTS**

Plaintiff, Rodney Peters, by counsel, respectfully submits the following as his opposition to Defendant Specialized Loan Servicing, LLC's Bill of Costs.

On March 27, 2015, SLS filed its Bill of Costs in this case.   It did not attach an affidavit to this Bill of Costs, as required by 28 U.S.C. § 1924, verifying that the Bill of Costs was correct and that the amounts sought therein were permitted and not excessive. This was not a harmless error.  The Bill of Costs requested reimbursement of various categories of expenses that are not permitted by the statute or in this District.   For simply failing to attach the appropriate affidavit to its Bill of Costs as the statute requires, this Court should decline to award costs to the Defendant.  Further, the Defendant did not conduct a meet-and-confer conference with Plaintiff's counsel prior to filing the Bill of Costs such that the parties could make a good-faith effort to narrow the areas of disagreement pursuant to Local Rule 7(E) (and also required by the Eastern District of Virginia's Taxation of Costs Guidelines). Plaintiff's counsel would have pointed out these issues to the Defendant had such a conference occurred.  The Defendant's failure to file the required affidavit and to meet and confer prior to filing both justify the denial of an award of costs.

## **ARGUMENT**

The Defendant's Bill of Costs contains requests for five categories of expenses.  No affidavit or supporting documentation was attached to its Bill of Costs.  Further, by any reading of the statute or this Court's published Guidelines, *none* of these line items as submitted in the Defendant's Bill of Costs are properly taxable as costs.  Therefore, to the extent that any of these costs are not properly recoverable, Local Rule 54(E) requires that this Court must now impose sanctions against the Defendant.  The Plaintiff understands that mistakes happen and he does not imply that the Defendant sought the award of these expenses with knowledge that they are not permitted in this District.  Indeed, quite to the contrary, defense counsel has litigated this matter competently and amicably.  Plaintiff therefore suggests that an appropriate sanction against the Defendant should be no harsher than simply entering judgment in its favor and denying any award of costs or attorney's fees sought by the Defendant that might otherwise function as a judgment against the Plaintiff.

As to the substance of the various line items included within the Defendant's Bill of Costs, SLS is not entitled to $85.00 for service of process fees because the fees were paid to a private process server and are therefore not taxable under 28 U.S.C. § 1920.  28 U.S.C. § 1920(1); *see also Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 561 (E.D. Va. 2010); *Synergistic International LLC v. Korman*, No. 2:05cv49, 2007 WL 517676, at *2 (E.D. Va. Feb. 8, 2007), *Goldstein v. Costco Wholesale Corp.*, 322 F. Supp. 2d 660, 666, (E.D. Va. 2004). Further, the Taxation of Costs Guidelines for the Eastern District of Virginia is clear on this—private process server fees are non-taxable. Taxation of Cost Guidelines for Eastern District of Virginia at 1, 2 (2010) (attached as Exhibit "1").

SLS then claims entitlement to $1,467.65 for printed or electronically recorded transcripts necessarily obtained for use in the case.  The Eastern District of Virginia Costs Guidelines limit this to the cost of an *original* of a transcript of a *court proceeding*, and then only in one of two instances:  a)

when prepared pursuant to the stipulation of parties with agreement to tax as costs, or b) when used on appeal.  Neither of these situations apply here.  To the extent that SLS attempts to claim entitlement to copies of deposition transcripts that it purchased, these are not court proceedings.

Next, SLS attempts to claim entitlement to $43.60 in "printing" costs.  However again, turning to the Costs Guidelines, these are "Not usually involved in trial court proceedings.  Taxed by the U.S. Court of Appeals and allowance added to costs recoverable in the trial court."  *Id*. In any event, the Defendant has not attached documentation to its Bill of Costs sufficient to explain or justify this expense and it should therefore be denied.

Additionally, SLS's request for $143.50 in photocopying costs should be denied. This Court has traditionally only allowed photocopying costs "to the extent that the copies were used as court exhibits or were furnished to the court or opposing counsel." *Bd. of Directors, Water's Edge v. Anden Group,* 135 F.R.D. 129, 138 (E.D. Va. 1991); *see also O'Bryhim*, 997 F. Supp. at 737; *Sun Publishing Co., Inc. v. Mecklenburg News, Inc.,* 594 F. Supp. 1512, 1524 (E.D. Va. 1984). And when the photocopies are made by a law firm, they should be charged at a reduced rate, since a law firm generally has its own equipment as an incidental business expense. *O'Bryhim*, 997 F. Supp. at 737. SLS has not provided the level of detail necessary to justify its assertion that the photocopies in question were used as court exhibits or were furnished to the Court or opposing counsel.  For all the Court knows, these were just photocopies of documents that were used internally.  Further, even if the Defendant had supplied evidence that these copies were used as court exhibits or were furnished to the court or opposing counsel, the Defendant also did not bill the copies at a reduced rate.  Many were charged at 20 cents per page—a rate that, with all due deference to defense counsel's billing policies, greatly exceeds even what commercial copy centers charge their retail customers. (For example, counsel is very familiar with the Fedex/Kinkos next to the former U.S. District Courthouse on Main St,

3

and knows that the copy rate there is 11 cents, nearly half of the amount that the Defendant proposes to charge). Therefore, the $143.50 that SLS seeks as reimbursement for these copies should be disallowed. *See* L.R. 54(D) ("costs will be disallowed if proper documentation is not provided.").

Finally, as should be non-controversial (including by the fact that the AO-133 Bill of Costs Form submitted by the Defendant does not contain a line for such a charge), SLS is not entitled to recover postage costs (including reimbursement for Federal Express charges) under Rule 54(d) or 28 U.S.C. § 1920, as they are considered an incidental expense of litigation. *O'Bryhim v. Reliance Standard Life Ins. Co.*, 997 F. Supp. 728, 737 (E.D. Va. 1998) *aff'd,* 188 F.3d 502 (4th Cir. 1999) (citing *Moss v. ITT Continental Baking Co.,* 83 F.R.D. 624 (E.D. Va. 1979)). Therefore, SLS's request for $82.69 in postage costs should be denied.

Accordingly, Plaintiff respectfully requests that this Court disallow SLS's request for costs. As the Defendant has sought costs that are not recoverable, Plaintiff requests an unremarkable and mild sanction pursuant to Local Rule 54(E)—disallowance of the entirety of the requested fees[1] and costs sought by the Defendant and a simple dismissal of this case.

---

[1] The attorney's fees sought by the Defendant pursuant to 15 U.S.C. § 1692k, effectively a sanction itself under the FDCPA against the Plaintiff for bringing a case in "bad faith", cannot be awarded in any event for reasons that the Plaintiff will explain further in his opposition brief. There was no FDCPA claim in this case (the Court disallowed the amendment), and the proposed claim would not have met the very high "bad faith" standard even if it was included in the original Complaint. Neither this Court nor the Fourth Circuit have held as a blanket matter that a servicer can never be liable under the FDCPA. Indeed, the *Kelly v. Nationstar* matter that this Court recently certified as a class action, sustained by the Fourth Circuit following the Defendant's Rule 23(f) attempt to appeal, is precisely such a claim. Count One of the *Kelly* complaint is a claim against that servicer based on 15 U.S.C. §1692e(11), the same claim as one that Plaintiff sought leave to bring in this case, for failing to include the so-called "Mini Miranda" disclosure in communications with the consumer. Plaintiff delayed in seeking the amendment and this Court properly denied the motion to amend on that basis, due to the potential prejudice to the Defendant near the end of the discovery period.

Respectfully submitted,
**RODNEY PETERS**


By: _____/s/_____
              Of Counsel

Matthew J. Erausquin, VSB No. 65434
Casey S. Nash, VSB No. 84261
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:     (703) 273-7770
Fax:    (888) 892-3512
matt@clalegal.com
casey@clalegal.com

Leonard A. Bennett, VSB No. 37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Tel:     (757) 930-3660
Fax:    (757) 930-3662
lenbennett@clalegal.com

*Counsel for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Aaron D. Neal
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Tel: 301-441-2420
Fax: 301-982-9450
aneal@mhlawyers.com
*Counsel for Specialized Loan*
*Servicing, LLC*

                    /s/
                    Casey S. Nash, VSB No. 84261
                    CONSUMER LITIGATION ASSOCIATES, P.C.
                    1800 Diagonal Road, Suite 600
                    Alexandria, VA 22314
                    Tel:     (703) 273-7770
                    Fax:     (888) 892-3512
                    casey@clalegal.com
                    *Counsel for the Plaintiff*